# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Strafford Superior Court
259 County Farm Road, Suite 301
Dover NH 03820

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## SUMMONS IN A CIVIL ACTION



Case Name:      **Cassandra Pacheco v Office Superstore East, LLC**
Case Number:    **219-2021-CV-00162**

Date Complaint Filed: May 17, 2021
A Complaint has been filed against Office Superstore East, LLC in this Court. A copy of the Complaint is attached.

**The Court ORDERS that ON OR BEFORE:**

| | |
|---|---|
| July 02, 2021 | Cassandra Pacheco shall have this Summons and the attached Complaint served upon Office Superstore East, LLC by in hand or by leaving a copy at his/her abode, or by such other service as is allowed by law. |
| July 23, 2021 | Cassandra Pacheco shall electronically file the return(s) of service with this Court. Failure to do so may result in this action being dismissed without further notice. |
| 30 days after Defendant is served | Office Superstore East, LLC must electronically file an Appearance and Answer or other responsive pleading form with this Court. A copy of the Appearance and Answer or other responsive pleading must be sent electronically to the party/parties listed below. |

**Notice to Office Superstore East, LLC:** If you do not comply with these requirements you will be considered in default and the Court may issue orders that affect you without your input.

Send copies to:

   Leslie Hughes Johnson, ESQ

   Office Superstore East, LLC

Law Office of Leslie H Johnson PLLC 46 Holderness Road PO Box 265 Center Sandwich NH 03227
500 Staples Drive Framingham MA 01702

BY ORDER OF THE COURT

May 18, 2021

(126954)

Kimberly T. Myers
Clerk of Court

This is a Service Document For Case: 219-2021-CV-00162
Strafford Superior Court

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Strafford Superior Court
259 County Farm Road, Suite 301
Dover NH 03820

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## CASSANDRA PACHECO
## INSTRUCTIONS FOR SERVICE
## BY THE SHERIFF'S DEPARTMENT

Case Name:      **Cassandra Pacheco v Office Superstore East, LLC**
Case Number:    **219-2021-CV-00162**

**Instructions for:** **Cassandra Pacheco**

The attached Summons must be sent to the Sheriff's Department for service.  Service must be completed on or before **July 02, 2021**.
**Further action is required by you**
**You must:**
- **Print two copies of the Summons per defendant**
- **Print two copies of the Notice to Defendant per defendant**
- **Print two copies of the Complaint filed with the Court per defendant**
- **Make two packets for service.  Each packet should contain:**
    - **One Summons**
    - **Once Notice for Defendant**
    - **One Complaint filed with the Court**
- **Mail or hand deliver the packets to the Sheriff's Department in the county where each defendant resides.**

**Sheriff Departments in New Hampshire:**

Belknap County Sheriff's Department:        Hillsborough County Sheriff's Department:
Carroll County Sheriff's Department:         Merrimack County Sheriff's Department:
Cheshire County Sheriff's Department:        Rockingham County Sheriff's Department:
Coos County Sheriff's Department:            Strafford County Sheriff's Department:
Grafton County Sheriff's Department:         Sullivan County Sheriff's Department:

**\*If one or more of the parties resides out of state, please click here for the requirements\***
Service must be made upon the defendant before **July 02, 2021**.

If the Sheriff is unable to complete service by **July 02, 2021** you will receive a "Notice of Incomplete Service" from the Sheriff's Department.  You may request that new paperwork be issued by electronically filing a Request for Documents.  There is a fee for this request.

The Sheriff will mail the 'Return of Service' to you.  You MUST electronically file the 'Return of Service' with the court by July 23, 2021.

**If service is not made as directed, no further action will occur and the case may be dismissed by the court.**

NHJB-2678-Se (07/01/2018)

# Important Service Information for Sheriff
## <u>Do not file this with the court</u>
Provide this information to the Sheriff's Department.
See Instructions for Service for more information.
### PLEASE PRINT CLEARLY

Date: _____     Case #: _____

## <u>Who are you requesting to be served?</u>
Please provide whatever information you know

Name: _____

Address for service (no P.O. boxes):

_____     APT #: _____

_____

Home phone #: _____     Cell phone #: _____

Sex: ☐ Male   ☐ Female          Race: _____

Last 4 digits of SS#: xxx-xx- _____ _____ _____ _____     D.O.B. _____

Work name & address:

_____

Special instructions for service (i.e. directions, best time to serve, cautions, etc.):

_____

_____

Vehicle description/license plate:

_____

## <u>Your Information:</u>
Name (please print): _____

Residential address:                    Mailing address:

_____     _____

_____     _____

Phone number to contact you during business hours:

_____ Alternate #: _____

_____
                                         Signature

### ♦IN-HAND SERVICE WILL INCUR EXTRA COSTS DUE TO ADDITIONAL TRAVEL♦

## SHERIFF OFFICE USE ONLY: (This will vary by Sheriff's Office)

Fees Paid: $_____ Cash #: _____ Check#: _____
Id#: _____ Waiver: _____ Money Order#: _____ Credit Card: _____
Sheriff File # _____ Authorization #: _____

NHJB-2678-Se (07/01/2018)

Instructions for filing the Return of Service:
If you are working with an attorney, they will guide you on the next steps.  If you are going to represent yourself in this action, go to the court's website: www.courts.state.nh.us, select the Electronic Services icon and then select the option for a self-represented party.

1. Select "I am filing into an existing case".  Enter 219-2021-CV-00162 and click Next.

2. When you find the case, click on the link follow the instructions on the screen.  On the "What would you like to file?" screen, select "File Other Document" and choose "Return of Service".

3.  Scan the Return of Service packet and follow the instructions in the electronic filing program to upload the Return of Service to complete your filing.

4. If the sheriff was unable to serve the paperwork, you can request new paperwork by filing a Request for Documents.  On the "What would you like to file?" screen, select "File Other Document" and choose "Request for Reissued Summons" from the menu and upload the Request for Documents form.


**FAILURE TO FILE THESE DOCUMENTS MAY RESULT IN YOUR CASE BEING DISMISSED.**

May 18, 2021                                          Kimberly T. Myers
Date                                                         Clerk of Court

You can access documents electronically filed through our Case Access Portal by going to https://odypa.nhecourt.us/portal and following the instructions in the User Guide.  In that process you will register, validate your email, request access and approval to view your case.  After your information is validated by the court, you will be able to view case information and documents filed in your case.

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Strafford Superior Court
259 County Farm Road, Suite 301
Dover NH  03820

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## NOTICE TO DEFENDANT

Case Name:      **Cassandra Pacheco v Office Superstore East, LLC**
Case Number:    **219-2021-CV-00162**

You have been served with a Complaint which serves as notice that this legal action has been filed against you in the **Strafford Superior Court.**  Review the Complaint to see the basis for the Plaintiff's claim.

Each Defendant is required to electronically file an Appearance and Answer 30 days after service. You may register and respond on any private or public computer.  For your convenience, there is also a computer available in the courthouse lobby.

If you are working with an attorney, they will guide you on the next steps.  If you are going to represent yourself in this action, go to the court's website: www.courts.state.nh.us, select the Electronic Services icon and then select the option for a self-represented party.

1. Complete the registration/log in process.  Click Register and follow the prompts.

2. After you register, click Start Now.  Select **Strafford Superior Court** as the location.

3. Select "I am filing into an existing case".  Enter **219-2021-CV-00162** and click Next.

4. When you find the case, click on the link and follow the instructions on the screen.  On the "What would you like to file?" screen, select "File a Response to Civil Complaint".  Follow the instructions to complete your filing.

5. Review your Response before submitting it to the court.

**IMPORTANT:** After receiving your response and other filings the court will send notifications and court orders electronically to the email address you provide.

A person who is filing or defending against a Civil Complaint will want to be familiar with the Rules of the Superior Court, which are available on the court's website: www.courts.state.nh.us.

Once you have registered and responded to the summons, you can access documents electronically filed by going to https://odypa.nhecourt.us/portal and following the instructions in the User Guide.  In that process you will register, validate your email, request access and approval to view your case. After your information is validated by the court, you will be able to view case information and documents filed in your case.

If you have questions regarding this process, please contact the court at 1-855-212-1234.

File Date: 5/17/2021 4:47
Strafford Superior Co
E-Filed Docum

STATE OF NEW HAMPSHIRE

STRAFFORD, SS                                                                SUPERIOR COURT

Cassandra Pacheco
108 Union Avenue, Apt. 2
West Haven, CT 06516

v.

Office Superstore East, LLC
aka Staples the Office Superstore [East] LLC
500 Staples Drive
Framingham, MA 01702

Case # ___219-2021-CV-00162___

## COMPLAINT AND REQUEST FOR JURY TRIAL

NOW COMES, Cassandra Pacheco, Plaintiff, by and through her attorney, Law Office of

Leslie H. Johnson, PLLC, and complains against, Office Super Store East, LLC, Defendant, and

in support thereof states as follows:

### INTRODUCTION

1.    **PLAINTIFF REQUESTS A TRIAL BY JURY.**

2.    Plaintiff brings this action pursuant to the statutory and common laws of the State

of New Hampshire and the United States, particularly New Hampshire's law against

discrimination, RSA 354-A, and the Americans with Disabilities Act (ADA), 42 USC §12101, et

seq., *as amended,* including the ADA Amendments Act of 2008, Pub. L. No. 110-325, 122 Stat.

3553 ("ADAAA" or "amended Act")(collectively referred to as the "ADA"),  for disability

discrimination/hostile environment, disability discrimination/failure to accommodate, and

disability retaliation for requesting reasonable accommodations and complaining about

discrimination. Plaintiff seeks to recover all damages as allowed by law, and all equitable relief

to which she may be entitled.

1

**PARTIES**

3.      Cassandra Pacheco ("Ms. Pacheco" or "Plaintiff"), resides at 108 Union Avenue, Apt. 2, West Haven, CT 06516.   At the time of her employment with Defendant, her address was 638 Lilac Lane, Dover, NH 03820.

4.      Office Superstore East LLC, aka Staples the Office Superstore [East] LLC ("Defendant") is a foreign limited liability company registered to do business in the State of New Hampshire. Its principal office and mailing address is 500 Staples Drive, Framingham, MA 01702. Defendant's registered agent is Corporation Service Company, 10 Ferry Street, Suite 313, Concord, NH 03301.  Ms. Pacheco worked at its Staples Store #1100, located at 20 Tri City Road, Somersworth, NH 03878.

5.      Defendant is an employer and a covered entity for purposes of RSA 354-A, the ADAAA.

6.      Defendant is responsible for the actions of its employees and agents under the theories of vicarious liability and/or *respondent superior,* as well as its own actions.

**JURISDICTION AND VENUE**

7.      Plaintiff timely filed a Charge of Discrimination with the New Hampshire Commission for Human Rights ("NHCHR"), Case #ED(R)0193-19), on or about May 13, 2019. Plaintiff withdrew her Charge from the NHCHR on March 31, 2021.  Plaintiff also gave notice to the EEOC that she was removing her case and filing suit. A Notice of Right to Sue was issued on April 23, 2021, and this suit is filed within 90 days thereof.

8.      Jurisdiction and venue are proper as Plaintiff worked for Defendant at its brick and mortar retail office supplies store - Staples Store #1100, 20 Tri City Road, Somersworth,

Strafford County, New Hampshire, and the unlawful employment acts complained of were committed in Somersworth, New Hampshire.

## STATEMENT OF FACTS

9.      Ms. Pacheco began working for Defendant on or about June 15, 2017 as a Tech Sales Associate, in July 2017 was moved to the position of temporary Team Supervisor and on or about September 25, 2017 began working full time as Inventory Specialist until May 2019, with a brief period of short-term disability that started on or about November 13, 2018. During her employment Ms. Pacheco performed her job well. Ms. Pacheco's job consisted of managing inventory, including receiving loads of product, breaking them down, sorting them and placing them on shelves; checking inventory daily to ensure the numbers were correct and noting any missing products. Ms. Pacheco was also in charge of sending out packaging and getting online orders ready.

10.      Ms. Pacheco is a person with disabilities including anxiety, severe depression internal hemorrhoids, stomach ulcers, leg and low back issues, who is entitled to protection under the ADA, as amended ("ADAAA"), as well as NH RSA 354-A. Ms. Pacheco's disabilities interfere with major life activities and/or bodily functions, including but not limited to her ability to work, lift, concentrate, think, communicate, walk (leg injury), and digest/process foods.

11.      Defendant is liable under the theories of *respondeat superior*, vicarious liability, for violation of the anti-discrimination statutes (RSA 354-A, et. seq. and the ADAAA) for its own actions or failures to act, and those of its employees, whether or not they are supervisory, because of the widespread and known pattern of discrimination.

12.      Defendant was aware of Ms. Pacheco's disabilities, as she had discussed them with supervisors and/or Madeline Sanchez (hereinafter "Sanchez", the store manager) observed

same. Some of Ms. Pacheco's disabilities were pre-existing and exacerbated by work stress (anxiety and depression), and others developed during work including bowel issues and back issues.

13.     Ms. Pacheco always performed her job well even though her supervisor, Sanchez, had failed to provide necessary, and promised, training. Ms. Pacheco had a good relationship with co-workers.

14.     Ms. Pacheco also stepped up in helping loss prevention, assisting in handling individuals who needed medical attention/police intervention for overdoses in the Staples bathroom.

15.     One of Ms. Pacheco's claim is disability discrimination/harassment and retaliation for complaining about the discrimination. The following statements and situations are not all-inclusive but are given by way of example.

16.     Sanchez hired Ms. Pacheco with the intent to force out an Operations Supervisor (Jamie) because Sanchez said she was tired of dealing with that person's medical issues. Sanchez told Ms. Pacheco that she did not believe this person was honestly injured and could not complete her tasks, despite that it was apparently a work injury.

17.     In April 2018, Ms. Pacheco lost her car and had to walk or bicycle approximately 5 miles to and from work. Although Sanchez helped others get to and from work (arranging rides and giving them rides), she refused to offer Ms. Pacheco any assistance.

18.     In mid-May 2018, Ms. Pacheco was hit by a car and injured while riding her bicycle to work, which injuries included one of her legs.

19.     Shortly thereafter, Ms. Pacheco requested reasonable accommodations for her leg injury including refraining from lifting heavy objects or climbing ladders, and that someone was

4

to assist her with the more laborious parts of her job. These were granted by HR, but Sanchez did not provide them. In fact, Sanchez not only did not provide Ms. Pacheco with assistance, she regularly pushed her to return to her full duty work claiming it was inconvenient and that other employees were needed elsewhere. Ms. Pacheco was never provided the assistance requested and promised for her reasonable accommodation. Later, Ms. Pacheco requested reasonable accommodations for her other disabilities, which HR agreed to, but which Sanchez also did not usually allow.

20.    Approximately 2-3 months prior to Ms. Pacheco's termination, in order to deal with anxiety and panic attacks, she specifically requested that she be given more time to complete her tasks and given permission to attend job-related seminars that she believed would have properly trained her and most likely fixed some of the issues she was having. However, HR denied her requests and instead gave her an additional 15-minute break each day in case she experienced a panic attack, however they had to be approved by Sanchez. Most times Ms. Pacheco needed the additional break Sanchez would not let her take it claiming they weren't at convenient times. Sanchez also told her with regard to sending her to seminars, "No, I'm not wasting that on you."

21.    Adhering to, and following, the accommodation for the leg was short-lived as it did not last more than one and one-half weeks before Sanchez pushed her into lifting things beyond what she was capable of. In fact, when Sanchez found out Ms. Pacheco had a leg problem and work restrictions, she began trying to get her to lift 50-75 pounds, and to climb ladders, without accommodations, which caused her extreme physical pain and emotional distress.

22.     In addition, Sanchez refused to allow Ms. Pacheco to follow her doctor's instructions of no weight-bearing for at least 1.5 weeks, and to not carry anything. Sanchez would ask Ms. Pacheco at least two times every shift, if she really needed to stay within those restrictions, and did so with an apparent snarky attitude.

23.     After her requests for accommodations, Sanchez regularly (approximately 5-6 times) denied Ms. Pacheco access to keys and codes she needed to complete her daily tasks which slowed down her work. Ms. Pacheco complained to Michael, Assistant Manager, of the store, and he told her to "bite back" to get Sanchez to stop.  Ms. Pacheco asked for the keys and codes on at least 15 separate occasions, including during 3 longer conversations in which Sanchez informed Ms. Pacheco why she thought she was not qualified.  Within those conversations Ms. Pacheco asked to be trained so she would be considered qualified but Sanchez denied her requests approximately 5-6 times.  Ms. Pacheco even brought it up with HR who seemed surprised she did not have access to the keys and codes but stated they could not force Sanchez to provide them.

24.     Ms. Pacheco asserts Defendant's actions, as described herein, occurred after her request for reasonable accommodations, and were done in retaliation for her request and as harassment based on her disability.

25.     On more than one occasion (approximately six times), Sanchez caused Ms. Pacheco to break down in tears and go into full panic attacks.  It started with Ms. Pacheco needing to hide in closets or behind boxes in the back of the store in order for her to breathe or contact her support network.  She had to do this several times a day, every day. Other employees would notice (approximately 20 times) Sanchez's treatment of Ms. Pacheco and would either avoid Ms. Pacheco or talk softly to her and ask if she was okay.

26.     Due to the harassment and retaliation, Ms. Pacheco started having another serious medical issue at work, related to stress. Ms. Pacheco was so panicked that she needed to leave right then and did not believe she had time to wait for an ambulance.

27.     Ms. Sanchez brought A. Inman in and provided a lot of training for him and praised him for what a great job he was doing, contrary to how Sanchez treated Ms. Pacheco, even when Inman did not perform a task as well as Ms. Pacheco had, for which she would have been yelled at.

28.     Mr. Inman admitted he knew Sanchez was trying to get Ms. Pacheco to mess up enough to fire her. Inman did not want to replace Ms. Pacheco as he saw how badly Sanchez was treating her. Sanchez was trying to groom Inman to replace Ms. Pacheco, however Inman ended up refusing to participate because he saw what was going on, at which point Sanchez stopped being nice to him.

29.     In May 2018, Sanchez yelled at Ms. Pacheco in front of many people at the store that she was awful at her job, which was false. This caused Ms. Pacheco to have a panic attack and she shut herself away in the bathroom to hide her crying.

39.     In the early Summer 2018, Ms. Pacheco requested reasonable accommodations related to her disabilities. HR agreed, stating Ms. Pacheco was allowed to leave the floor if under a lot of stress and needing a break. Sanchez would not allow Ms. Pacheco to leave as needed, nor would she let her take her breaks that were required under the law. This would happen a few times per week.  Sanchez did not like covering for her and would tell her to wait to take her break "until a better time", which usually never came. However, Sanchez usually allowed other non-disabled employees, without a reasonable accommodation for breaks, to take their required breaks.

7

31.     In the Summer of 2018 there was short term improvement, but then Sanchez started to double down on the harassment in retaliation for the complaint. Sanchez would ask more leading questions, throw more alleged failures in Ms. Pacheco's face, and berate her for not getting help sooner. HR made a small show of investigating Sanchez, but it led nowhere.

32.     Sanchez became very nasty to Ms. Pacheco over the walkie talkie system that other employees could hear. Sanchez would ask Ms. Pacheco questions, including for things not in Ms. Pacheco's area which she would not have reason to know. When Ms. Pacheco gave the wrong answer or said it was not her area, Sanchez would laugh out loud on the system for others to hear in order to humiliate Ms. Pacheco.   This first started happening shortly after Ms. Pacheco injured her leg but became worse after Inman was hired.  By then it happened approximately 3-7 times each week over several months.  Ms. Pacheco asked HR to step in and listen in to the way Sanchez spoke to Ms. Pacheco, but nothing came of it.

33.     Other employees continued to ask Ms. Pacheco how she was doing, presumably out of concern and based on their observations of how Sanchez treated her.

34.     In approximately June 2018, Ms. Pacheco had a meeting with Sanchez and Mike MacLure, the Assistant Store Manager, in which she voiced her concern regarding the stress Sanchez had put her under.  Ms. Pacheco was visibly upset, crying and trembling as she told Sanchez what her behavior was doing to her.

35.     During the weeks around June 22, 2018, Sanchez stopped speaking to Ms. Pacheco. This was after Ms. Pacheco had voiced her concern to Jessica (the manager in printing) and MacLure regarding the stress Sanchez had put her under. During this time, Sanchez would refuse to look at Ms. Pacheco, or speak to her, even if they were right next to each other. Sanchez would play the "Tell Cassy..." game, meaning tell someone else to tell Ms. Pacheco

8

something, as if Ms. Pacheco was invisible, even when they were next to each other. This would happen at least 5 times per day unless Ms. Pacheco was anywhere near Sanchez, then it was constantly.

36.     Ms. Pacheco had witnessed Sanchez harass others who had injuries/disabilities. For example, Sanchez would ask the injured or disabled employee if they really needed help and then denied that help, unless it was very obvious Sanchez would get in trouble if she did not provide an accommodation.  Ms. Pacheco observed this happen approximately 9 times, for example:

(A)  Sanchez pushed Zachary into situations she knew he could not do with his emotional and mental problems;

(B)  A 17 year old male in the tech department suffered an injury and asked for a reasonable accommodation; Sanchez asked him whether he really needed that reasonable accommodation and proceeded to try to deprive him of it; and

(C )  Shortly after Plaintiff was hired, an assistant manager injured her back at work, and was limited to working four hours per day.  Ms. Sanchez bullied her and tried to push her out by having Ms. Pacheco be trained by helping the person.  Ms. Sanchez told Ms. Pacheco she was having me trained to replace the woman with the back injury "because I'm sick and tired of her working only four hours; she's lazy, its' not that bad of an injury."

37.     In June and July 2018, Ms. Pacheco was in physical and emotional pain, and had many medical appointments and adjustments to her medications.

38.     Beginning on or about July 2018, Ms. Pacheco's schedule was suddenly changed with no warning, after she had been told she would have a set schedule when she took the

position. During this time, Sanchez did not allow Ms. Pacheco enough time to do the steps to complete her work.

39.    On or about 08/13/2018, Ms. Pacheco suffered an injury to her face when a box fell on her face. It was a very difficult task for her to leave the store, even though the nurses Ms. Pacheco had spoken with instructed her to get her cheek checked out as soon as possible. No in-store arrangements were made, and it took over 3 hours for her to get to the Emergency Department. Ms. Pacheco had to get approval to leave and make 3-4 phone calls to get seen.

40.    On or about 08/14/2018, there was an audit and Ms. Pacheco was not provided with the files she needed to complete her work.

41.    On or about 08/26/2018, Ms. Pacheco had an anxiety attack due to Sanchez's behavior and was given information for EAP by Mike, Assistant Manager and Tech Supervisor.

42.    On or about 08/29/2018, Ms. Pacheco had a breakdown at work and became suicidal. On that same date, Sanchez called the police for a wellness check on Ms. Pacheco. The police arrived at Ms. Pacheco's home after she returned from work.

43.    On or about 08/30/2018, Ms. Pacheco was called into the HR office to discuss the incident the day before. Ms. Pacheco was attempting to explain what had happened to her, and the person she spoke to at the call center which may have been HR, told her that it was part of company policy to fire her if she "continued to threaten one of their employee's lives." This made absolutely no sense, as Ms. Pacheco had been suicidal, which was about her own life and done because of her medical condition; she was not threatening anyone else.

44.    In July or August 2018, HR, purportedly in a recorded call, told Ms. Pacheco that she would be fired if her depression continued, and that she was responsible for being sad, and they would get rid of her if more reports happened. HR even said they did not believe she had a

history of being treated for this condition. Ms. Pacheco was sent home from work that day after crying for nearly an hour after the call.

45.     Ms. Pacheco had given Defendant doctor notes and/or receipts from her doctor visits, as well as reasonable accommodation requests on or about 08/31/18 and a few days later related to her depression.  By by this point she was on medication, and to prove she had a disabling medical condition, as Sanchez was giving her a hard time about it. She told them she could try to obtain her medical records from prior years that showed therapy sessions, but they said it would not be necessary.

46.     Ms. Pacheco had been telling HR the way Sanchez had been treating her, including that Sanchez did not give Ms. Pacheco the keys that would allow her to open the back door, which was part of her job, that Sanchez harassed Ms. Pacheco over 10 times per day, that Sanchez made it so whenever Ms. Pacheco had to open the doors with a key, Ms. Pacheco had to have Sanchez with her. This was embarrassing, humiliating, and made it harder for Ms. Pacheco to do her job.  Ms. Pacheco observed that others without disabilities were not subjected to this treatment by Sanchez.

47.     In September 2018, Ms. Pacheco continued to suffer panic attacks due to Sanchez's behavior, including harassment and retaliation.

48.     On or about 09/24/2018, Sanchez told Ms. Pacheco that she was not allowed to step off the floor even if she was having a panic attack, even though there were doctor notes providing this as an accommodation, which had been approved by HR. Sanchez responded by saying, "Well, you're just going to have to step down if you can't handle it." Furthermore, Sanchez and HR refused to allow Ms. Pacheco a set schedule so she could regulate her treatment.

49.     This was despite Ms. Pacheco having had the same schedule for approximately 9

11

months beforehand, without any substantial changes to the actual schedule.  Then Sanchez started pushing other people to do Ms. Pacheco's job and removing her from her duties as well as changing her hours.  In approximately mid to late September 2018, Inman stepped down from taking over for Ms. Pacheco, and another employee, Zack (last name unknown) was asked to split Ms. Pacheco's duties 50/50 as Inventory Manager with Ms. Pacheco. From that point forward Ms. Pacheco was Inventory Manager every other day and Zack was Inventory Manager on the opposite days.  On the days Ms. Pacheco was not Inventory Manager, she was Zack's assistant and vice versa, even though Ms. Pacheco was the inventory manager and he was her assistant. In addition, on the days Ms. Pacheco was not Inventory Manager, Sanchez made her work strange hours compared to her previous set schedule; she had to work later, and come in on the evenings and weekends.

50.     The harassment and retaliation by Sanchez continued up through 11/13/2018, which was the last day Ms. Pacheco was able to work before going out on short term disability.

51.     Ms. Pacheco started hurting herself in May 2018, by cutting herself with a box-cutter, which caused permanent scars.   The cutting escalated in November 2018, and shortly thereafter she was hospitalized and unable to work for a period of time, both because she was not released, and because she could not face the work environment.

52.     In early May 2019, while still out on disability, Ms. Pacheco received a letter from Respondent that she would no longer be an employee of Staples after May 31, 2019.

53.     The discrimination, harassment and abuse, as well as the failure to provide reasonable accommodations, which Ms. Pacheco suffered at the hands of her supervisor and Defendant, were severe and/or pervasive. A reasonable person in Ms. Pacheco's circumstances would not be expected to endure this environment.

54.    The actions described herein, and as experienced by Ms. Pacheco, were contrary to RSA 354-A, *et seq.* and the ADAAA.

55.    Ms. Pacheco believes she was discriminated against, harassed and was terminated due to her disability and not because of any performance issues.

56.    Defendant failed to provide reasonable accommodations for Ms. Pacheco's disabilities, and for those they did agree to provide, they failed to follow for the necessary period of time, and harassed and retaliated against Ms. Pacheco.

57.    Defendant's discrimination and retaliation directed towards Ms. Pacheco has caused her damages, including but not limited to emotional distress, embarrassment, humiliation, loss of her job, physical pain and suffering, medical expenses, lost wages and benefits (past and future), anxiety, loss of sleep and increased mental health issues.

58.    Ms. Pacheco claims all damages allowed to her by law, including but not limited to liberal/enhanced compensatory damages, punitive damages, unpaid wages, lost wages and benefits (past and future), damages for emotional distress, her mental condition, embarrassment, humiliation, aggravation, anxiety, medical expenses, loss of sleep, loss of reputation, attorney fees, costs, all pre-judgment interest, and an amount to compensate for any negative tax consequences that result from any judgment or decision. Ms. Pacheco also requests all equitable relief to which she may be entitled.

**COUNT I**
**DISABILITY DISCRIMINATION/ HOSTILE WORK ENVIRONMENT**
**NH RSA 354-A, et seq. / ADA/ADAAA, 42 U.S.C. § 12101 et seq., as amended**

59.    Plaintiff incorporates herein each and every allegation elsewhere in the Complaint as if fully set forth herein, and further states as follows:

60.    Ms. Pacheco is a person with disabilities, a record of disabilities, and was

regarded as having disabilities.

61.    Ms. Pacheco's conditions, underlying health issues, constitute disabilities within the meaning of the ADA/ADAAA and NH RSA 354-A. These conditions, singly or in combination, affect Ms. Pacheco's activities of daily living and her ability to work, and other major live activities/functions as described above in par. 10.

62.    Ms. Pacheco's requests for accommodations were repeatedly ignored and the environment was hostile towards Ms. Pacheco and her disabilities and requests for accommodations.

63.    Ms. Pacheco asserts that the treatment she received, as described herein, including but not limited to schedule and duty/title changes, comments made disparaging people with disabilities, including Ms. Pacheco, were because of her disability, and constituted impermissible discrimination and hostile environment based upon her disabilities or perceived disabilities, all contrary to NH RSA 354-A, and the ADA/ADAAA.

64.    Ms. Pacheco claims said discrimination caused her damages as set forth elsewhere herein, and she claims all damages as allowed by law, and all equitable relief to which she may be entitled.

## COUNT II
## DISABILITY DISCRIMINATION/ FAILURE TO ACCOMMODATE
### NH RSA 354-A, et seq. / 42 U.S.C. § 12101 et seq., as amended

65.    Plaintiff incorporates herein each and every allegation elsewhere in the Complaint as if fully set forth herein, and further states as follows:

66.    Ms. Pacheco was never adequately accommodated for her conditions, even though she repeatedly requested accommodations as set forth above.

67.    Although Ms. Pacheco continued to perform her job, often without the reasonable

accommodations being granted or followed (when it did not cause her to be out sick), it did cause her to suffer physically and mentally. Ms. Pacheco asserts that except for the Defendant's failure to accommodate her, she would have remained working for Defendant.

68.     Ms. Pacheco was entitled to accommodations for her disabilities, and Defendant's failure to provide same, and to follow those promised, was contrary to the ADA/ADAAA and NH RSA 354-A.

69.     Ms. Pacheco asserts that Defendant's failure to accommodate her caused her further physical pain, discomfort and injury, as well as aggravation of mental health conditions.

70.     Ms. Pacheco was entitled to accommodations for her disabilities, and Defendant's failure to provide same, and consistently follow those that were promised to be provided, was contrary to the ADA/ADAAA and NH RSA 354-A.

71.     Ms. Pacheco claims said discrimination, and failure to provide reasonable accommodations, caused her damages as set forth elsewhere herein, and she claims all damages as allowed by law, as well as equitable relief to which she may be entitled.

## COUNT III
## RETALIATION
### NH RSA 354-A, et seq. / ADA/ADAAA, 42 U.S.C. § 12101 et seq., as amended

72.     Plaintiff incorporates herein each and every allegation raised elsewhere in the Complaint as if fully set forth herein and further states as follows:

73.     Defendant retaliated against Ms. Pacheco for exercising her rights under the ADA/ADAAA and RSA 354-A, including for her request for reasonable accommodations and complaints about discrimination and harassment, as noted above.

74.     The retaliation included failure to provide and follow reasonable accommodations, changing her duties, title and hours, subjecting her to further harassment, and

ultimately her termination, all contrary to the ADA/ADAAA and NH RSA 354-A.

75.     Ms. Pacheco claims said retaliation caused her damages as set forth elsewhere herein, and she claims all damages as allowed by law, and all equitable relief to which she may be entitled.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court, and/or a jury, grant and order the following relief:

A.     Schedule a trial by jury to adjudicate the claims asserted herein;

B.     Back wages, together with lost fringe benefits and any other benefits, including increased retirement benefits, which Plaintiff would have earned had she not been terminated;

C.     Future wages, fringe benefits, and any other benefits;

D.     Reasonable attorney fees, interest and costs;

E.     Compensatory damages;

F.     Liberal/enhanced compensatory damages;

G.     Punitive damages;

H.     An amount to be awarded by the Court to make up for any adverse tax consequences due to any judgment or award;

I.     All available pre-judgment and post-judgment interest;

J.     All equitable relief which may be available;

K.     All other damages as set forth herein and/or as allowed by law; and,

L.     Grant such other and further relief as may be deemed just and proper.

Respectfully submitted,

**CASSANDRA PACHECO, Plaintiff**
By his/her attorney

Dated: <u>May 17, 2021</u>                    <u>        /s/Leslie H. Johnson        </u>
                                        Leslie H. Johnson, Esquire - #5545
                                        Law Office of Leslie H. Johnson, PLLC
                                        PO Box 265
                                        Center Sandwich, NH 03227
                                        603.284.6600
                                        leslie@lesliejohnsonlaw.com

17

**Mona Tardif**

| | |
|---|---|
| **From:** | NHCourtsNo-Reply@tylerhost.net |
| **Sent:** | Tuesday, May 18, 2021 12:21 PM |
| **To:** | Mona Tardif |
| **Subject:** | Notification of Service, Filing, or Court Documents for Case: 219-2021-CV-00162, 1741270, Cassandra Pacheco v Office Superstore East, LLC for filing Service Only |

# Notification of Service, Filing, or Court Documents



Case Number: 219-2021-CV-00162
Case Style: Cassandra Pacheco v Office Superstore East, LLC
Envelope Number: 1741270

This is a notification that a document has been served, filed, or issued by the court. Please click the link below to retrieve the document.

| Filing Details | |
|---|---|
| **Case Number** | 219-2021-CV-00162 |
| **Case Style** | Cassandra Pacheco v Office Superstore East, LLC |
| **Date/Time Submitted** | 5/18/2021 12:20 PM EST |
| **Filing Type** | Service Only |
| **Activity Requested** | Service Only |
| **Filing Description** | service documents |
| **Filed By** | Mary J. (Court Staff) |
| **Service Contacts** | Cassandra Pacheco:<br><br>Leslie Johnson (leslie@lesliejohnsonlaw.com)<br><br>Mona Tardif (mona@lesliejohnsonlaw.com)<br><br>Jennifer Elliott (jen@lesliejohnsonlaw.com) |

| Document Details | |
|---|---|
| **Served Document** | Download Document |
| **>This link is active for 180 days.** | |

If the link above is not accessible, copy this URL into your browser's address bar to view the document:
https://newhampshire.tylerhost.net/ViewServiceDocuments.aspx?ADMIN=0&SID=05bd695c-26c4-4852-ab32-9279ea352aa5

1

**Important:** This is how you will be contacted regarding cases. Please add NHCourtsNo-Reply@tylerhost.net in your address book.

For further assistance, please contact the court.
1-855-212-1234
This message was automatically generated. Please do not reply to this email.